Henrietta H. Starrett, sued as Henrietta H. Loveland, v. Thomas H. Gault and J. McKenzie Cleland.

1. Verdicts—*When Conclusive.*—When the evidence is conflicting, the verdict should stand, if no errors of law have intervened.

2. Parties—*When to Sue Jointly.*—When a person engages the services of an attorney and employs another attorney to assist him, such attorneys may properly bring a suit for such services as joint plaintiffs.

3. Special Findings—*And the General Verdict.*—In determining whether special findings are inconsistent with the general verdict, the latter will be aided by all reasonable presumptions, while nothing will be presumed in favor of the former.

4. Same—*When to Control the General Verdict.*—The inconsistency between the special finding and the general verdict must be irreconcilable in order that the former shall control the latter.

Assumpsit, for legal services.   Appeal from the Circuit Court of Cook County; the Hon. Elbridge Hanecy, Judge, presiding.   Heard in this court at the October term, 1895.   Affirmed.   Opinion filed January 22, 1896.

H. T. & L. Helm, attorneys for appellant.

Thomas J. Gault and J. McKenzie Cleland, attorneys *pro sese;* C. M. Hardy, of counsel.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This action was to recover for legal services rendered by the appellees to the appellant, and resulted in a verdict and judgment for $1,500, which was less than one-half the amount claimed in the bills of particulars that were filed, and which the evidence on the part of appellees tended strongly to support.

Although the evidence before the jury was most conflicting and irreconcilable as to the character and value of the services, and therefore peculiarly within the province of that body, still we have been induced, by the persuasiveness of the argument of appellant's counsel, to make a particular examination of the whole evidence, with the result that we are unable, considering it all, to give any justifiable reason why the verdict and judgment should not stand, if no errors of law have intervened.

It is contended that the action could not be maintained in the joint names of the appellees, Gault and Cleland. They were not co-partners, and it is insisted that the evidence shows that the employment was of the appellee Gault alone, and that what was done by the appellee Cleland was for Gault and as his assistant, and not as the result of a joint employment of the two. The objection is at best a technical one, and might probably be sufficiently answered by the fact that the appellant did not so understand the relations, for she filed her plea of set-off against the appellees in the same right to recover back from them moneys had and received by them for the use of appellant, and moneys advanced by her to them at their request.

But we think that they were properly joined in the suit. The evidence showed that the employment of both was made before any of the services in question were rendered by either, with the understanding that they should co-operate together in the services which the death of appellant's husband required to be done. From thence on, the services that were rendered were by both, or separately, as circumstances demanded, with full knowledge and participation by the appel-

lant. It was not necessary, in order to make them proper joint plaintiffs, that they should be partners generally, if in fact there was a joint employment, or if Gault, being primarily retained, appellant, at his request, also employed Cleland to assist and co-operate in the same duties. From that time on there was an association by both in all the affairs of appellant that either one may have actually conducted by himself. Gault and Cleland occupied the same suite of offices, and it is clearly established that appellant availed herself of the services of either, as occasion required. She ought not now to be permitted to say that her employment was of Gault alone, when for so long a time, and in so many ways, she recognized and adopted their association in her affairs, at her own request, especially when no claim is made for any extra compensation on account thereof. There is nothing in the case to show that because of Cleland's services the appellant was charged any more than she would have been if such services had been rendered solely by Gault; or by Cleland as an assistant to Gault by the latter's procurement only; nor that the recovery had, was at all increased because of Cleland's services over what it would otherwise have been. It seems clear that appellant has not been at all injured by the joint judgment. It is a bar against any further claim for the services litigated, and on the merits, as well as technically, we do not think should be disturbed for the claimed misjoinder.

The jury found, by their answers to the special questions numbered one and two, submitted by the appellant, that Gault was individually employed by appellant to render the services in question, and that Cleland was employed by appellant to assist therein. As we have already said, that was sufficient to make the appellees proper joint plaintiffs.

But it is contended that those special findings by the jury repel the conclusion of liability to appellees jointly, and are inconsistent with the general verdict in favor of them jointly, and that the general verdict must be overborne by their controlling force.

On the contrary, as we have already said, the special findings are not inconsistent with the general verdict.

The latter will be aided by all reasonable presumptions, while nothing will be presumed in favor of the former, and their inconsistency with each other must be irreconcilable in order that the special findings shall control the general verdict. C. & N. W. Ry. Co. v. Dunleavy, 129 Ill. 132.

Although numerous other questions are argued, those that we have touched upon are all that, in our opinion, need special mention, and we will therefore affirm the judgment of the Circuit Court.